**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILBERT FUENTES,             )
                                      )
          Plaintiff,         )
                                      )       Civil Action No. 11-17
         v.                    )       Chief Judge Lancaster
                                      )       Magistrate Judge Bissoon
SCI-GREENSBURG,           )
                                      )
         Defendant.     )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed

without prejudice, *sua sponte*, due to Plaintiff's failure to comply with the orders of this Court,

and failure to prosecute.

## II. **REPORT**

Wilbert Fuentes ("Plaintiff") is an inmate currently incarcerated at the State Correctional

Institution at Greensburg, Pennsylvania ("SCI-Greensburg"). Plaintiff brings the instant lawsuit

pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1981, *et seq.*, implying allegations of

violations of his rights under the Constitution of the United States. (Doc. 3-1 at 4). This suit

commenced with the receipt of the complaint, along with motion to proceed *in forma pauperis*

("IFP"), on January 6, 2011. (Doc. 1). Plaintiff was granted leave to proceed IFP on the

following day. (Doc. 2). In the order granting IFP status, Plaintiff also was ordered to provide

an authorization for the withdrawal of funds from his inmate trust account, or to move to

withdraw the instant civil action, on or before January 28, 2011. Id. at 1. A copy of the

authorization form was included with this order.  Id. at 4.  As of the date of this writing, Plaintiff

has not complied with this order, nor has he sought an extension of time in which to do so, nor

has he provided the above-mentioned service documents.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal

Rules of Civil Procedure for a plaintiff's failure to comply with an order of court.  Guyer v.

Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).  "Under our jurisprudence, the sanction of dismissal

is reserved for those cases where the plaintiff has caused delay or engaged in contumacious

conduct.  Even then, it is also necessary for the district court to consider whether the ends of jus-

tice would be better served by a lesser sanction."  Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of

Appeals for the Third Circuit set forth six factors to be weighed when considering whether

dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery

was proper.  They are: (1) the extent of the party's personal responsibility; (2) the prejudice to

the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a

history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad

faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  These

factors must be balanced in determining whether dismissal is an appropriate sanction, although

not all need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850

F.2d 152 (3d Cir. 1988).  Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's orders. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is a pre-trial detainee proceeding *pro se*. Thus, the imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has failed to make any factual allegations in his complaint. As such, he has, by definition, failed to state a cause of action under section 1983.

Because five of the six Poulis factors weigh heavily in favor of dismissal, this case should be dismissed without prejudice.

Additionally, Rule 4(m) of the Federal Rules of Civil Procedure requires that service must be made upon a defendant within 120 days after the filing of a complaint or "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Well more than 120 days has passed since Plaintiff has been ordered to provide this Court with service documents. As such, this provides an independent reason for dismissal without prejudice

### III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Plaintiff's failure to comply with the orders of this Court, and failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until November 2, 2011, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: October 18, 2011                               s/Cathy Bissoon
                                                      CATHY BISSOON
                                                      UNITED STATES MAGISTRATE JUDGE


cc:
**WILBERT FUENTES**
HR-0097
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601-9103